Filed 2/24/25  P. v. Chaidez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ROBERT C. CHAIDEZ, Defendant and Appellant. | D083936 (Super. Ct. No. SCD181666) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Robert C. Chaidez appeals from the trial court's order granting his petitions for resentencing under Penal Code sections 1170.18 and 1170.126 and judgment resentencing him to a term of 50 years to life under the Three Strikes Law for two convictions of residential burglary while the home was

occupied.[1]  Chaidez's court-appointed counsel filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We informed Chaidez of his right to file a supplemental brief under *Wende* and *Anders*, but he did not respond.  Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the new judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Original Criminal Proceedings*

In the early morning of April 2, 2004, police responded to a 911 call that a prowler had abandoned a stolen, silver Honda Civic in front of the caller's home and disappeared into a neighbor's yard.  In the yard, the responding officers found a ladder with fresh mud on the rungs propped up against an eight-foot fence.  The officers created a perimeter in the area and found Chaidez within an hour.  When an officer commanded Chaidez to stop, Chaidez ran, jumping over fences and running through other yards.  Police eventually caught Chaidez and arrested him.

During the arrest, officers searched Chaidez for weapons and found a crescent wrench, a screwdriver, a stocking cap, and a pair of black gloves in his pockets.  The officers also found a knife on the ground at Chaidez's feet.  The officers searched the abandoned Honda Civic, which was parked haphazardly, with two wheels on the road and two on the curb.  Inside the car, they found property belonging to T.M. and N.M., a couple whose home was also broken into that night.  The car was registered to T.M.

When Chaidez was booked into jail, officers found a bag on Chaidez that contained jewelry and other stolen property from another home.  After

---

[1]    Subsequent undesignated statutory references are to the Penal Code.

Chaidez was arrested, the occupants of the home, J.M. and M.M., contacted the police to report that M.M. had interrupted a burglary that night when he was awakened by his dog barking. M.M. did not see the intruder, who fled, but found an open window in the kitchen and a ladder positioned outside. During the burglary, Chaidez stole a cell phone, cash, lotto tickets, keys to M.M. and J.M.'s truck, knives, frozen food, and the jewelry discovered on Chaidez in jail.

Chaidez was charged with three counts of felony residential burglary while another person, other than an accomplice, was present (§§ 459, 460, and 667.5, subd. (c)(21); counts 1, 3, and 4); felony receiving stolen property (§ 496, subd. (a); count 2); and felony unlawful driving and taking a vehicle (Veh. Code, § 10851, subd. (a); count 5). The information also alleged Chaidez had served three prior prison terms (former § 667.5, sub. (b)), suffered two prior convictions of a serious felony (§ 667, subd. (a)(1)), and suffered two prior convictions of a serious or violent felony (§§ 667, subd. (b), 1170.12, and 668).

The case went to trial in 2006, and a jury convicted Chaidez of counts 1, 2, 4, and 5. The jury also found true the prior strike conviction allegations, the prior serious felony conviction allegations, and the prior prison term conviction allegations. Thereafter, the trial court sentenced Chaidez to 60 years to life in state prison, consisting of 25 years to life (§§ 667, subd. (b), 1170.12, and 668), plus 10 years (§ 667, subd. (a)(1)) for count 1, plus a consecutive sentence of 25 years to life (§§ 667, subd. (b), 1170.12, and 668) for count 4. The court imposed and stayed a sentence of 25 years to life on count 2 under section 654, imposed a concurrent sentence of 25 years to life on count 5, and stayed the sentence for the prior prison term enhancements

(former § 667.5, subd. (b)). Chaidez appealed and this court affirmed the judgment. (*People v. Chaidez* (Sept. 10, 2008, D049656 [nonpub. opn.].)

B. *Proceedings After Final Judgement*

In 2014, Chaidez began a campaign to reduce his sentence based on reforms to California's sentencing laws enacted after his judgment was final. In the years after his conviction, Chaidez brought multiple petitions for relief under section 1170.126, which was added to the Penal Code by Proposition 36, the Three Strikes Reform Act of 2012 (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167), and under section 1170.18, which was added by Proposition 47, the Safe Neighborhood and Schools Act (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108).

In December 2014, Chaidez filed a petition for resentencing under Proposition 47 seeking to reduce his conviction for receiving stolen property (count 2) to a misdemeanor. (*People v. Chaidez* (Oct. 23, 2017, D070609) [nonpub. opn.].) The trial court denied the petition in January 2016. (*Ibid.*) Around the same time, Chaidez filed a petition for resentencing under Proposition 36, which the court also denied in January 2016. (*Ibid.*) On appeal from the denial orders, this court concluded that the convictions for receiving stolen property (§ 496; count 2) and unlawfully taking and driving a motor vehicle (Veh. Code, § 10851; count 5) might be eligible for resentencing under section 1170.18. (*Chaidez, supra,* D070609.) However, we affirmed the court's order denying the section 1170.18 petition because Chaidez failed to allege the property taken was worth less than $950 and failed to state facts sufficient to establish his entitlement to relief. (*Ibid.*) In the same opinion, we also affirmed the denial of Chaidez's 2016 petition under section 1170.126, which the superior court found untimely. (*Ibid.*)

4

Three years later, Chaidez filed another petition to reduce his felony conviction for receiving stolen property to a misdemeanor under section 1170.18.  This time, Chaidez specifically alleged the value of the stolen necklace was less than $950.  (*People v. Chaidez* (Sept. 29, 2021, D078489) [nonpub. opn.].)  In a November 2020 order, the trial court addressed other pending resentencing petitions filed by Chaidez, but did not explicitly address or deny his petition under section 1170.18.  Chaidez then filed a motion to reconsider the petition.  (*Ibid.*)  The trial court denied the motion, stating that Chaidez's request for relief under section 1170.18 had "previously been addressed and decided."  (*Ibid.*)  Chaidez again appealed, and we reversed the denial and remanded the matter to the trial court to determine whether Chaidez was entitled to relief under section 1170.18.  (*Ibid.*)

In 2018, Chaidez filed additional petitions in the trial court seeking to explain the reasons for his delay with respect to his petition for resentencing under section 1170.126.  (*People v. Chaidez* (July 19, 2019, D074872) [nonpub. opn.].)  Without addressing the issue of delay, the trial court denied those petitions, concluding that the presence of the two first degree burglary counts rendered Chaidez ineligible for resentencing on the two nonserious felony convictions.  (*Ibid.*)  Chaidez appealed and we again reversed the trial court.  We remanded the case with directions to the trial court to reconsider the nonserious felony life term sentences, as well as the remaining issues of undue delay and dangerousness.  (*Ibid.*)

On remand, the trial court concluded Chaidez failed to show good cause for the untimely filing of his petition under section 1170.126 and therefore it "declined to rule on the issue of [his] current dangerousness."  (*People v. Chaidez* (Nov. 30, 2021, D078168) [nonpub. opn.].)  Chaidez again appealed, and this court again reversed the trial court's denial and remanded for

5

further proceedings to determine whether Chaidez was entitled to relief. (*Ibid.*)

In January 2022, on remand from our decisions in *Chaidez, supra,* D078489 and *Chaidez, supra,* D078168, the trial court again addressed Chaidez's resentencing petitions. The trial court granted relief as to count 2 by determining the stolen property was worth less than $950 and deeming the count a misdemeanor. (*People v. Chaidez,* (June 14, 2023, D080928) [nonpub. opn.].) After performing additional research to determine whether to recall counts 2 and 5 alone or the entire sentence, the court recalled the sentence as to counts 2 and 5, and imposed a one-year term for count 2, and eight years for count 5, both stayed under section 654. (*Ibid.*)

Then, in June 2022, the trial court vacated its "previous orders" from January 2022 "related to a partial resentencing that was never completed." (*Chaidez, supra,* D080928.) Instead of determining whether Chaidez was entitled to relief under sections 1170.18 or 1170.126, the court simply dismissed counts 2 and 5, citing its discretion under section 1385, and left the remainder of the original sentence intact. (*Ibid.*)

Chaidez appealed again, and on June 14, 2023, this court reversed and remanded with instructions to determine if Chaidez was entitled to relief under sections 1170.18 and 1170.126. We specifically directed the court to determine whether Chaidez posed an unreasonable risk of danger to public safety, and if not, to conduct a full resentencing hearing. (*Chaidez, supra,* D080928.) In addition, we directed the superior court to reassign the cause to a new trial judge. (*Ibid.*)

On remand, the trial court found that Chaidez does not pose an unreasonable risk of danger to public safety and granted his petitions under sections 1170.18 and 1170.126. The trial court recalled Chaidez's sentence

and then conducted a full resentencing hearing. The court struck two section 667, subdivision (a)(1) serious felony prior enhancements under section 1385. The trial court also struck the three section 667.5, subdivision (b) stayed prior prison term enhancements under section 1172.75. The trial court considered, but rejected, striking one or more of Chaidez's prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–531, finding Chaidez's history of criminal conduct fell within the spirit of the Three Strikes Law.

The trial court resentenced Chaidez to 50 years to life in state prison, consisting of consecutive terms of 25 years to life for counts 1 and 4, 364 days in county jail for count 2, stayed pursuant to section 654, and the middle term of two years, doubled, and stayed pursuant to section 654 for count 5. Chaidez filed a timely notice of appeal.

## DISCUSSION

Chaidez's appointed appellate counsel filed a brief under the authority of *Wende, supra*, 25 Cal.3d 436, and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and a summary of the procedural background. Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal" (*Anders,* at p. 744), counsel raises the issue of whether the trial court abused its discretion in resentencing Chaidez by declining to strike his prior strike convictions. In addition, we offered Chaidez an opportunity to file a personal supplemental brief, and he has not done so.

7

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221 *(Delgadillo)*.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo, supra*, 14 Cal.5th 216, the Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo,* at pp. 224–226.) The court, however, laid out applicable procedures for cases where a defendant *has* filed a supplemental brief. *Delgadillo* explained "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id*. at p. 232.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["In this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations."].) That is not the type of postconviction order at issue here. However, the same principles nonetheless apply given that this is not a first appeal as of right. Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined to do so, we

8

may dismiss the appeal as abandoned. (*Delgadillo,* at pp. 230–232; see also *id.* at p. 229 ["Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state ... has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.' "].)

However, because Chaidez was not given notice that *Delgadillo*'s procedures are applicable in his case, we exercise our discretion to conduct a *Wende* review even though it is not required. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) Independent review of the record by this court is particularly appropriate since neither the brief filed by Chaidez's counsel, nor the notice we provided to Chaidez informing him of his right to file a supplemental brief mentioned *Delgadillo*.

Accordingly, we have reviewed the entire record as permitted by *Delgadillo* and have found no arguable issues for reversal on appeal. Chaidez was self-represented in the trial court after the court granted his motion under *Faretta v. California* (1975) 422 U.S. 806. Competent counsel represented Chaidez on appeal.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

DO, J.

CASTILLO, J.

9